# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 03-3773

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Darrell D. Walker, | * | |
| | * | |
| Defendant - Appellee. | * | |

—————

Submitted: May 11, 2004
Filed: August 24, 2004

—————

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY, Circuit
Judges.

—————

MELLOY, Circuit Judge.

This is an interlocutory appeal by the Government from a district court order finding that a felon's simultaneous possession of a firearm and ammunition for that firearm comprised only one offense such that prosecution could not proceed under two counts. Because United States v. Peterson, 867 F.2d 1110 (8th Cir. 1989), controls, and because a panel of this court held in Peterson that the simultaneous possession of a firearm and ammunition comprised two separate offenses under 18

U.S.C. § 922(g)(1), we reverse. The Government may prosecute under the separate counts and need not elect, prior to trial, whether to proceed only under the firearm or ammunition count. In so holding, we recognize arguably conflicting panel opinions, the absence of an en banc ruling on this issue, and the fact that we stand alone as the only federal circuit to treat the simultaneous possession of a firearm and ammunition for that firearm as separate offenses.

I.

On January 14, 2002, officers arrested Walker, a felon, for carrying a concealed weapon. On June 12, 2002, a federal grand jury indicted him as a felon in possession of a firearm. On October 29, 2002, FBI agents executed a federal arrest warrant for Walker. The agents observed a home where they believed Walker was located. Agents saw a man who matched Walker's description exit the home and leave in a minivan. Other agents pulled over the minivan. Walker exited the minivan, approached the agents and offered a false name. After agents accurately identified Walker, they conducted a pat-down search and discovered in his right front pants pocket a magazine loaded with three live .45-caliber rounds. In addition, they found a holster clipped to the back of his waistband. A subsequent search of the minivan revealed a Colt .45-caliber semi-automatic pistol with a loaded magazine under the driver's seat. The magazine in the pistol was identical to the magazine in Walker's pocket.

In a superceding indictment, a federal grand jury charged Walker with three separate counts for possession of firearms and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) and (e)(1). Count I related to the original indictment and the concealed firearm Walker possessed on January 14, 2002. Count Two related to the Colt pistol agents found in the minivan on October 29, 2002. Count Three related to the magazine of ammunition Walker carried in his pocket on October 29, 2002.

Walker filed a motion to dismiss Count Three as multiplicitous. A magistrate judge held an evidentiary hearing, at which an officer testified that two magazines are normally included with a firearm when it is issued. The magistrate judge recommended that the Government be required to elect between Counts Two and Three. The district court adopted the magistrate judge's findings of fact and law and ordered the Government to elect between Counts Two and Three. The Government appeals.

II.

We review de novo the district court's finding that Counts Two and Three are multiplicitous and the district court's order that the Government elect between those counts. United States v. Keeney, 241 F.3d 1040, 1042-43 (8th Cir. 2001); United States v. Christner, 66 F.3d 922, 927 (8th Cir. 1995).

The Government concedes that, absent evidence Walker acquired the firearm and ammunition at different times, or possessed or stored them in different places or at different times, all circuits other than the Eighth Circuit would find that Walker committed only one, not two, offenses. See United States v. Verrecchia, 196 F.3d 294, 297 (1st Cir. 1999); United States v. Dunford, 148 F.3d 385, 388-90 (4th Cir. 1998); United States v. Cunningham, 145 F.3d 1385, 1398-99 (D.C. Cir. 1998); United States v. Keen, 104 F.3d 1111, 1118-20 (9th Cir. 1996); United States v. Hall, 77 F.3d 398, 402 (11th Cir. 1996); United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992); United States v. Throneburg, 921 F.2d 654, 657 (6th Cir. 1990); United States v. Pelusio, 725 F.2d 161, 168-69 (2d Cir. 1983); United States v. Valentine, 706 F.2d 282, 292-94 (10th Cir. 1983); United States v. Frankenberry, 696 F.2d 239, 244-45 (3d Cir. 1982); United States v. Oliver, 683 F.2d 224, 232-33 (7th Cir. 1982). These other circuits, in general, apply the "unit of prosecution" test from Bell v. United States, 349 U.S. 81 (1955). The unit of prosecution test looks at congressional intent

and asks "[w]hat Congress has made the allowable unit of prosecution under a statute which does not explicitly give the answer." Id. at 81.

In Bell, the Court examined the question of multiplicitous claims under the Mann Act, 18 U.S.C. § 2421, which prohibits the interstate transportation of "any girl or woman" for the purpose of prostitution. The defendant in Bell was charged with the simultaneous transportation of two women. "The Court [noted] that when Congress chooses to allow multiple prosecutions for a single transaction it has no difficulty expressing its will [and] found the statute to be ambiguous on the allowable unit of prosecution." Verrecchia, 196 F.3d at 297-98 (interpreting Bell for application to the felon-in-possession statute). The Court further stated that there is a "presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment," and held that the defendant's simultaneous transportation of two women was only one violation of the Mann Act. Bell, 349 U.S. at 83. Subsequently, most circuits followed Bell in two important respects, namely, the analysis of congressional intent to identify an ambiguity and the application of a rule of lenity. See listing above.

In fact, in United States v. Kinsley, 518 F.2d 665, 666-70 (8th Cir. 1975), a panel of our court applied Bell to an earlier felon-in-possession statute and concluded that the simultaneous possession of four firearms comprised only one offense. The district court in Kinsley identified the issue as a close question but ultimately concluded that Congress intended to effectuate the purpose of minimizing danger to society by making each firearm a separate unit of prosecution. Id. at 666. We reversed. We found the earlier felon-in-possession statute to be ambiguous and, citing Bell, applied the rule of lenity to hold that the defendants' simultaneous possession of four firearms comprised only one offense. Id.

Again, in United States v. Powers, 572 F.2d 146, 150 (8th Cir. 1978), a panel of our court addressed a firearms statute. There, we found the receipt of firearms

-4-

indistinguishable from the possession of firearms and, further, found the unit of prosecution to be ambiguous under 18 U.S.C. § 922(h)(1). Powers 572 F.2d at 150. Ultimately, we applied the rule of lenity as in Bell and found that the receipt of three firearms on a single occasion comprised only one offense. Id.

In Peterson, a panel of our court first addressed the issue of multiplicity under 18 U.S.C. § 922(g)(1) in the context of firearms and ammunition rather than under a different statute or in the context of multiple firearms. We applied the "same elements" test of Blockburger v. United States, 284 U.S. 299, 304 (1932), which held that charged counts are not multiplicitous if each count requires proof of an element that the other count does not require. Peterson, 867 F.2d at 1115. In Peterson, officers seized a handgun and ammunition during the execution of a first search warrant. Id. at 1112. Later, during the execution of a subsequent search warrant, officers seized "several holsters and other weapons paraphernalia." Id. The Government charged the defendant with three counts under 18 U.S.C. § 922(g)(1). We rejected the defendant's multiplicity arguments and stated:

> The test for duplicative charges is whether each charge requires proof of an element that the other does not. Each of the firearm counts filed against [the defendant] required an element of proof unique to the other charges. Proof was required to show that [the defendant], as a convicted felon, unlawfully possessed ammunition during the days of *each* search, since each day was a separate offense. *Similarly, the possession of a firearm by a convicted felon was a separate offense requiring additional proof.*

Id. at 1115 (internal citations omitted) (second emphasis added).

This language, though brief, makes clear that the possession of a firearm and ammunition are separate offenses under § 922(g)(1). Walker argues that Peterson does not control on the present facts because temporal factors not at issue

in the present case justified our holding in <u>Peterson</u>. We disagree. Temporal issues were relevant in <u>Peterson</u>, and the seizure of ammunition on two separate occasions supported multiple ammunition charges. <u>Id.</u> ("Proof was required to show that [the defendant], as a convicted felon, unlawfully possessed ammunition during the days of each search, since each day was a separate offense.") However, during the first search, the officers in <u>Peterson</u> seized a gun and ammunition simultaneously. Accordingly, we cannot conclude that the <u>Peterson</u> court based its distinction between the gun charge and the ammunition charges on issues related to timing. <u>Id.</u> ("Similarly, the possession of a firearm by a convicted felon was a separate offense requiring additional proof.").

Walker also argues that <u>Peterson</u> does not control because <u>Kinsley</u> and <u>Powers</u> decided the issue presently before the court and because <u>Peterson</u> violated the rule that only the en banc court, and not subsequent panels, may overrule earlier panel opinions. <u>Kinsley</u> and <u>Powers</u>, however, did not involve 18 U.S.C. § 922(g)(1), nor did they address the specific issue of firearms counts coupled with ammunition counts. Rather, they merely dealt with the issue of how to charge the one-time illegal possession or receipt of multiple firearms. <u>Peterson</u>, unlike the other cited cases, directly controls on the issue of firearms and ammunition under 18 U.S.C. § 922(g)(1). Although the result in <u>Peterson</u> differs from the position established in other circuits, we are bound to follow <u>Peterson</u> unless and until our court, sitting en banc, abolishes the distinction that now exists between permissible counts for multiple firearms (single offenses under a <u>Bell</u> analysis as per <u>Kinsley</u> and <u>Powers</u>) and firearms in combination with ammunition (multiple offenses under a <u>Blockburger</u> analysis as per <u>Peterson</u>).

The judgment of the district court is reversed.

_____

-6-