# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3141

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Gregory Houston Holt, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 13, 2004
Filed: September 9, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Gregory Houston Holt appeals the sentence imposed by the district court[1] upon the revocation of his supervised release. We affirm.

Holt pled guilty to possession of a firearm with no serial number, a class D felony, and was sentenced to three years of probation. See 18 U.S.C. § 922(k). After violating his probation, Holt was sentenced to six months in prison and 24 months of

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

supervised release. He violated the conditions of his supervised release in August 2003, whereupon the district court revoked his release and imposed a sentence of 18 months imprisonment followed by 18 months of additional supervised release. Holt contends, citing United States v. St. John, 92 F.3d 761, 766-67 (8th Cir. 1996), that because he was given 24 months of supervised release after his probation violation, the additional imprisonment and supervised release ordered upon revocation must be capped at 24 months.

We rejected an identical argument in U.S. v. Palmer, No. 03-1333, 2004 WL 1878356 (8th Cir. Aug 24, 2004) (en banc), and overruled St. John's interpretation of 18 U.S. C. § 3583(e)(3) and (h). We concluded that a defendant may be sentenced to a term of imprisonment and a further term of supervised release which, in the aggregate, do not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release. Palmer, 2004 WL 1878356, at *3. Here, because the underlying offense is a class D felony, a term of supervised release of up to three years is authorized by 18 U.S.C. § 3583(b)(2). Accordingly, the district court did not err in sentencing Holt to terms of imprisonment and supervised release totaling 36 months.

The judgment is affirmed.

_____