(No. 97744.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CLEMMIE L. CARTER, Appellant.

*Opinion filed December 2, 2004.*

G. Joseph Weller, Deputy Defender, and Paul Alex-

ander Rogers, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Gary Feinerman, Solicitor General, and Linda D. Woloshin and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE KILBRIDE delivered the opinion of the court:

Following a bench trial in the circuit court of Lake County, defendant, Clemmie L. Carter, was found guilty under section 24—1.1 of the Criminal Code of 1961 (720 ILCS 5/24—1.1 (West 1996)) of four counts of unlawful possession of weapons by a felon, based on his simultaneous possession of two handguns and clips of ammunition for those two guns. Defendant was also found guilty under section 2(a)(1) of the Firearm Owners Identification Card Act (430 ILCS 65/2(a)(1) (West 1996)) of possession of a firearm without a valid firearm owner's identification (FOID) card. The trial court sentenced defendant to five years' imprisonment for each offense, to run concurrently.

The appellate court affirmed defendant's four convictions for unlawful possession of weapons by a felon and vacated defendant's FOID card violation conviction based on the one-act, one-crime doctrine. The appellate court also vacated defendant's sentences based on the trial court's consideration of an improper sentencing factor and remanded the cause for a new sentencing hearing. 344 Ill. App. 3d 663.

We allowed defendant's petition for leave to appeal pursuant to Supreme Court Rule 315(a) (177 Ill. 2d R. 315(a)). The only issue in this appeal is whether multiple convictions can be entered for unlawful possession of weapons by a felon based on the simultaneous possession

of two handguns and the ammunition for those guns. We hold, in the absence of a specific statutory provision to the contrary, and under the particular facts of this case, the simultaneous possession of multiple firearms and firearm ammunition by defendant constituted a single offense. We therefore reverse the judgment of the appellate court in part, reverse the judgment of the circuit court in part, and remand the cause for further proceedings.

## I. BACKGROUND

On September 22, 1997, defendant and another man were arrested after fleeing from a car pursued by police in connection with a shooting incident. Two loaded semiautomatic weapons, a .22-caliber handgun and a .25-caliber handgun, were found in the car, and an additional ammunition clip containing .22-caliber bullets.

On October 8, 1997, an indictment was filed, charging defendant with, among other crimes, four counts of unlawful possession of weapons by a felon (720 ILCS 5/24—1.1 (West 1996)) and possession of a firearm without a valid FOID card (430 ILCS 65/2(a)(1) (West 1996)). The unlawful possession of weapons charges were based on defendant's possession of a .22-caliber handgun, a .25-caliber handgun, ammunition for the .25-caliber handgun, and ammunition for the .22-caliber handgun.

A bench trial was conducted on April 7, 1998. The trial court found defendant guilty on all five counts. Defendant was sentenced to five years' imprisonment on each count, to run concurrently.

On appeal, defendant argued that his multiple convictions violated the one-act, one-crime doctrine and that the trial court relied on several improper factors in determining his sentence. The appellate court affirmed defendant's four convictions for unlawful possession of weapons by a felon and vacated defendant's FOID card violation conviction based on the one-act, one-crime doctrine. The appellate court also vacated defendant's

sentences based on the trial court's consideration of an improper sentencing factor and remanded the cause for a new sentencing hearing. 344 Ill. App. 3d 663. Justice McLaren dissented in part, asserting that convicting defendant for unlawful possession of weapons by a felon, and then also convicting him for the ammunition that was contained in the firearms, violated the one-act, one-crime doctrine. 344 Ill. App. 3d at 674-78 (McLaren, J., dissenting). We allowed defendant's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## II. ANALYSIS

In this appeal, we are asked to determine whether multiple convictions can be entered for unlawful possession of weapons by a felon based on the simultaneous possession of two guns and the ammunition for those guns. Initially, we note that defendant did not preserve this issue in the trial court. The rule of waiver is, however, a limitation on the parties, not a limitation on this court's jurisdiction. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 514 (1994). This court may review an argument not properly preserved for review if plain error occurred. 134 Ill. 2d R. 615(a); *People v. Harvey*, 211 Ill. 2d 368, 386 (2004). The plain error doctrine allows a reviewing court to address defects affecting substantial rights (1) if the evidence is closely balanced or (2) if fundamental fairness so requires rather than finding the claims waived. *People v. Macri*, 185 Ill. 2d 1, 58 (1998). Defendant does not claim that the evidence is closely balanced in this case. Moreover, our review of the record confirms that the evidence in defendant's case cannot reasonably be regarded as closely balanced. As the State acknowledges, however, this court has recently held that "the potential for a surplus conviction and sentence affects the integrity of the judicial process, thus satisfying the second prong of the plain error rule." *Harvey*, 211 Ill. 2d at 389. The issue in this case unquestion-

ably turns on whether the convictions and sentences are surplus. Accordingly, we will review defendant's arguments under the plain error doctrine.

Defendant argues that because all four of his convictions for unlawful possession of weapons by a felon were based on a single, simultaneous act of possession, three of his convictions must be vacated based on the one-act, one-crime rule of *People v. King*, 66 Ill. 2d 551, 566 (1977). According to defendant, nothing in the statute suggests that each article of contraband possessed constitutes a separate offense and that any ambiguity in the statute should be resolved in his favor by prohibiting multiple convictions for the simultaneous possession of firearms. Defendant contends that this case should be controlled by *People v. Manning*, 71 Ill. 2d 132 (1978). In *Manning*, we held that simultaneous possession of different types of drugs could not support multiple convictions, absent an express statutory provision to the contrary.

The State contends defendant was properly convicted of four counts of unlawful possession of weapons by a felon based on his possession of two guns and two types of ammunition. The State argues that the legislature did not intend that the simultaneous possession of more than one weapon or ammunition should support only one conviction for unlawful possession of weapons by a felon. According to the State, a felon who possesses a loaded gun is more dangerous than a felon who possesses a gun but no ammunition and the statute was drafted to allow separate convictions for possession of a weapon and the ammunition for it.

In his brief, defendant mixes *Manning* statutory construction principles with the *King* one-act, one-crime doctrine. This case requires that we first interpret the unlawful possession of weapons statute (720 ILCS 5/24—1.1 (West 1996)) to determine whether the statute

permits separate offenses to be charged for simultaneous possession. One-act, one-crime principles apply only if the statute is construed as permitting multiple convictions for simultaneous possession.

The interpretation of a statute is a question of law that we review *de novo. People v. Harris,* 203 Ill. 2d 111, 116 (2003). When construing a statute, a court is required to ascertain and give effect to the intent of the legislature. *People v. Latona,* 184 Ill. 2d 260, 269 (1998). "The most reliable indicator of legislative intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition." *People v. Davis,* 199 Ill. 2d 130, 135 (2002). Criminal or penal statutes must be strictly construed in the defendant's favor, "and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute." *Davis,* 199 Ill. 2d at 135 (citing *People v. Laubscher,* 183 Ill. 2d 330, 337 (1998), *People v. Woodard,* 175 Ill. 2d 435 (1997), and *People v. Shinkle,* 128 Ill. 2d 480, 486 (1989)).

The relevant portion of the statute at issue provides:

"(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or *any firearm or any firearm ammunition* if this person has been convicted of a felony under the laws of this State or any other jurisdiction." (Emphasis added.) 720 ILCS 5/24—1.1(a) (West 1996).

In applying the principles of statutory construction to this case, we conclude that the statute neither prohibits nor permits the State to bring separate charges for the simultaneous possession of firearms and firearm ammunition. The term "any," as used in the statute, may be construed to mean "some," "one out of many" or "an indefinite number." See Black's Law Dictionary 94 (6th ed. 1990). Thus, the term "any" has categorical meanings of "any one of a kind," "any kind," or "any

number." Indeed, the State conceded during oral argument that the term "any" may mean either the singular or the plural. Where a criminal statute is capable of two or more constructions, courts must adopt the construction that operates in favor of the accused. *People ex rel. Gibson v. Cannon*, 65 Ill. 2d 366, 370-71 (1976).

Whether the legislature intended for the simultaneous possession of weapons and ammunition to be the same offense or separate offenses requires us to determine the statute's "allowable unit of prosecution." See *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 220-21, 97 L. Ed. 260, 263-64, 73 S. Ct. 227, 229 (1952) (whether a prosecutor may treat each breach of a statute as a separate offense requires a determination of what Congress has made the allowable unit of prosecution). The use of the term "any" in the statute does not adequately define the "allowable unit of prosecution." Consequently, we find the statute to be ambiguous, and we must adopt a construction that favors the defendant. See *Cannon*, 65 Ill. 2d at 370-71.

This court has consistently held, where a statute is ambiguous, in the absence of a statutory provision to the contrary, simultaneous possession could not support multiple convictions. See *People v. Cox*, 53 Ill. 2d 101, 106 (1972), *overruled on other grounds*, *People v. Davis*, 156 Ill. 2d 149 (1993); *Manning*, 71 Ill. 2d at 137. In *Cox*, the defendant was charged with, and pleaded guilty to, two counts of indecent liberties with a child. The offenses were based on two almost simultaneous acts, involving one victim. This court held, "[I]n the absence of a statutory provision to the contrary the conduct here constituted a single offense and only one sentence should be imposed." *Cox*, 53 Ill. 2d at 106.

In *Manning*, the defendant was convicted of one count of burglary and two counts of possession of controlled substances. The State argued that defendant

committed two separate offenses of possession in that he knowingly possessed two types of controlled substances. The defendant contended that the simultaneous possession of both controlled substances arose out of a single act of possession. This court held,

"[I]n the absence of a statutory provision to the contrary, the simultaneous possession of more than one type of controlled substance, under the circumstances shown on this record, constituted a single offense, and only one sentence should have been imposed." *Manning*, 71 Ill. 2d at 137.

In reaching the decision in *Manning*, this court relied primarily on the following language from *Bell v. United States*, 349 U.S. 81, 83, 99 L. Ed. 905, 910, 75 S. Ct. 620, 622 (1955):

"When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Bell*, 349 U.S. at 83, 99 L. Ed. at 910, 75 S. Ct. at 622.

We acknowledge that *Manning* was superceded by an amendment to the Illinois Controlled Substances Act, expressly authorizing multiple convictions based on simultaneous possession of different drugs. See 720 ILCS 570/402 (West 2002) ("[a] violation of this Act with respect to each of the controlled substances listed herein constitutes a single and separate violation of this Act"). The amendment, however, does not change the underlying holding of *Manning*. More importantly, the amendment demonstrates that the legislature knows how to authorize, specifically, multiple convictions for simultaneous violations of a single criminal statute, and the absence of such language in the unlawful possession of weapons statute should be construed in defendant's favor. *Bell*, 349 U.S. at 83, 99 L. Ed. at 910, 75 S. Ct. at 622;

see also *City of Chicago v. Roman*, 184 Ill. 2d 504, 517 (1998) (the legislature knows how to limit the exercise of home rule authority when it so intends, and the absence of an express limitation will be construed in favor of home rule unit). We therefore apply the principles of *Cox* and *Manning*, and we hold that under the facts of this record, in the absence of a specific statutory provision to the contrary, the simultaneous possession of two firearms and firearm ammunition constituted a single offense, and that only one conviction for unlawful possession of weapons by a felon could be entered.

Today's holding is in accord with other courts of appeal that have relied on the Supreme Court's holding in *Bell* in addressing the "allowable unit of prosecution" under felon-in-possession-of-weapons statutes. In *United States v. Verrecchia*, 196 F.3d 294 (1st Cir. 1999), the federal court held that the term "any," as contained in a similar federal felon-in-possession-of-weapons statute, created an ambiguity as to the "allowable unit of prosecution" and that the ambiguity had to be resolved in favor of the defendant by prohibiting multiple convictions for the simultaneous possession of several firearms. *Verrecchia*, 196 F.3d at 297-98. *Verrecchia* recognized that all of the federal courts of appeal have relied on *Bell* in holding that the simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime. *Verrecchia*, 196 F.3d 294 at 297-98, citing *United States v. Pelusio*, 725 F.2d 161, 168-69 (2d Cir. 1983); *United States v. Frankenberry*, 696 F.2d 239, 244-45 (3d Cir. 1982); *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998); *United States v. Bullock*, 615 F.2d 1082, 1084 (5th Cir. 1980); *United States v. Rosenbarger*, 536 F.2d 715, 721 (6th Cir. 1976); *McFarland v. Pickett*, 469 F.2d 1277, 1279 (7th Cir. 1972); *United States v. Kinsley*, 518 F.2d 665, 668-70 (8th Cir. 1975); *United States v. Wiga*, 662 F.2d 1325, 1336-37 (9th Cir. 1981); *United States v. Valen-*

*tine*, 706 F.2d 282, 292-94 (10th Cir. 1983); *United States v. Bonavia*, 927 F.2d 565, 568-69 (11th Cir. 1991); *United States v. Cunningham*, 145 F.3d 1385, 1398 (D.C. Cir. 1998).

Only one federal circuit court has held the simultaneous possession of weapons and ammunition constitutes multiple offenses. In *United States v. Walker*, 380 F.3d 391 (8th Cir. 2004), the court recognized that its result differed from the position established by decisions of its own federal circuit court and decisions of all other federal circuit courts, and expressed that, ultimately, the issue could be resolved by that court sitting *en banc. Walker*, 380 F.3d at 395. *Walker* relied on *United States v. Peterson*, 867 F.2d 1110 (8th Cir. 1989). In *Peterson*, the court examined whether multiple firearm violation counts violated double jeopardy under *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932). *Peterson*, 867 F.2d at 1115. The *Peterson* court did not base its decision on statutory interpretation. The issue of legislative intent and whether a statute permits separate convictions for simultaneous possessions is distinct from the issue of whether separate convictions for simultaneous possessions violate the double jeopardy clause of the fifth amendment. The parties have not raised double jeopardy as an issue here and, consequently, we do not find *Walker* or *Peterson* instructive.

Several state courts have also held that simultaneous possession of multiple weapons can support only one conviction under similar statutes referring to "any" weapon because the term is ambiguous and the ambiguity must be resolved in favor of the defendant. See *Acey v. Commonwealth*, 29 Va. App. 240, 511 S.E.2d 429 (1999); *State v. Auwae*, 89 Haw. 59, 968 P.2d 1070 (App. 1998), *overruled on other grounds*, *State v. Jenkins*, 93 Haw. 87, 997 P.2d 13 (2000); *People v. Kirk*, 211 Cal. App. 3d 58, 259 Cal. Rptr. 44 (1989); *State v. Watts*, 462 So. 2d 813

(Fla. 1985); *State v. Woods*, 8 Ohio App. 3d 56, 455 N.E.2d 1289 (1982).

While we agree with the State that a felon who possesses a loaded gun may be more dangerous than a felon who possesses a gun but no ammunition, it is for the legislature to " 'defin[e] what it desires to make the [allowable] unit of prosecution.' " *Manning*, 71 Ill. 2d at 137, quoting *Bell*, 349 U.S. at 83, 99 L. Ed. at 910, 75 S. Ct. at 622. Consequently, "in the absence of a statutory provision to the contrary," simultaneous possession of multiple firearms and ammunition constituted a single offense. *Manning*, 71 Ill. 2d at 137.

Based on established rules of statutory interpretation, the statute, as written, can only support one conviction. Therefore, we need not address defendant's contention that multiple convictions for simultaneous possession violate the one-act, one-crime rule.

## III. CONCLUSION

For the foregoing reasons, we reverse that part of the appellate court judgment affirming defendant's four convictions for unlawful possession of weapons by a felon, we affirm in part and reverse in part the judgment of the circuit court, and we remand to the circuit court with directions to vacate three of those convictions. In all other respects, we affirm the judgment of the appellate court.

> *Appellate court judgment affirmed in part*
> *and reversed in part;*
> *circuit court judgment affirmed*
> *in part and reversed in part;*
> *cause remanded with directions.*