# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Schultz*, 2011 IL App (3d) 100340

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TORY J. SCHULTZ, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-10-0340 |
| Filed | October 5, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in dismissing an indictment for felony disorderly conduct based on a threat against one victim at a school on the ground that the disorderly conduct statute does not penalize threats directed against a single person, since the word "persons," as used in section 26-1(a)(13) of the Code of Criminal Procedure is properly read as including both the singular and the plural and the indictment did state an offense. |
| Decision Under Review | Appeal from the Circuit Court of Mercer County, No. 10-CF-15; the Hon. James G. Conway, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Gregory McHugh, State's Attorney, of Aledo (Terry A. Mertel and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel) for the People. |
| | |
| | Glenn Sroka, of State Appellate Defender's Office, of Ottawa, for appellee. |
| | |
| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion. |
| | Justice Lytton concurred in the judgment and opinion. |
| | Justice Holdridge dissented, with opinion. |

**OPINION**

¶ 1      The defendant, Tory J. Shultz, was charged by indictment with disorderly conduct (720 ILCS 5/26-1(a)(13) (West 2010)). The defendant filed a motion to dismiss, alleging that the indictment failed to state an offense. After a hearing, the circuit court granted the defendant's motion, and the State appealed. We reverse and remand.

¶ 2                               FACTS

¶ 3      The indictment in this case alleged that on or about February 24, 2010, the defendant committed disorderly conduct when he "threatened bodily harm directed at B.S. at the High Roads School, a school in the city of Aledo, Mercer County, Illinois, by threatening to shoot B.S." At the preliminary hearing, the State presented the following testimony:

"[The defendant] instructed Richard Gregg to take photographs of him with his text phone and text them to B.S. and told him that they were loading up and they were coming. B.S. responded back that if they came to his house that he had a gun, took a picture of a shotgun, texted a picture of the gun back to Richard Gregg's phone. At that time Richard Gregg was instructed by [the defendant], respond back to him, tell him we are not talking about his [house], we are coming to school and tell him we are coming to the school and [*sic*] shoot him the next day."

The photographs of the defendant taken by Richard Gregg displayed the defendant holding two guns.

¶ 4      A call was made to the Aledo police department regarding the threat, and the Mercer County sheriff's department locked down two schools while they investigated the threat.

¶ 5      The defendant filed a motion to dismiss, alleging that the indictment failed to state an offense because the statute penalizes threats "directed at persons," not threats directed at a

single person. On April 19, 2010, the circuit court agreed and granted the defendant's motion to dismiss, finding that the statute was "an anti-Columbine type statute" and that it "was not designed to prosecute an individual for a felony." The State appealed.

¶ 6                                                    ANALYSIS

¶ 7        On appeal, the State argues that the circuit court erred when it granted the defendant's motion to dismiss. Specifically, the State contends that the statute's use of "persons" includes the singular as well as the plural. The State's argument poses a question of statutory construction, which we review under the *de novo* standard. *People v. Alcozer*, 241 Ill. 2d 248, 254 (2011).

¶ 8        At the time the defendant allegedly committed this offense, section 26-1(a)(13) of the Criminal Code of 1961 (720 ILCS 5/26-1(a)(13) (West 2010)) defined disorderly conduct, in relevant part, as conduct by which an individual knowingly "[t]ransmits or causes to be transmitted a threat of destruction of a school building or school property, or a threat of violence, death, or bodily harm directed against persons at a school, school function, or school event, whether or not school is in session."

¶ 9        Section 1.03 of the Statute on Statutes (5 ILCS 70/1.03 (West 2010)) provides that "[w]ords importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular." Section 1 of the Statute on Statutes (5 ILCS 70/1 (West 2010)) provides that, "[i]n the construction of statutes, this Act shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." We hold that section 26-1(a)(13)'s language is unambiguous and that the term "persons" is properly read as including both the singular and the plural. We find nothing in the plain language of the statute to indicate a context hostile to this construction of "persons" or to indicate that such construction is inconsistent with legislative intent. See 5 ILCS 70/1 (West 2010); see also *Alcozer*, 241 Ill. 2d at 254 (noting that the best indicator of legislative intent is the plain language of the statute itself). Accordingly, we hold that the circuit court erred when it dismissed the indictment for failure to state an offense.

¶ 10                                                  CONCLUSION

¶ 11       The judgment of the circuit court of Mercer County is reversed and the case is remanded for further proceedings.

¶ 12       Reversed and remanded.

¶ 13       JUSTICE HOLDRIDGE, dissenting:

¶ 14       I respectfully dissent. When construing a statute, a court must ascertain and give effect to the intent of the legislature. *People v. Carter*, 213 Ill. 2d 295, 301 (2004). "The most reliable indicator of legislative intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition." (Internal

quotation marks omitted.) *Id.* Where the statutory language is plain and unambiguous, "we must apply the statute without resort to further aids of statutory construction." *People v. Collins*, 214 Ill. 2d 206, 214 (2005). We may consider extrinsic aids for construction only when the statutory language is ambiguous. *Id.* In that event, we may resort to aids for construction to resolve the ambiguity. *Id.* Moreover, "[c]riminal or penal statutes must be strictly construed in the defendant's favor, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute." (Internal quotation marks omitted.) *Carter*, 213 Ill. 2d at 301.

¶ 15     The criminal statute at issue in this case defined disorderly conduct, in relevant part, as conduct by which an individual knowingly "[t]ransmits or causes to be transmitted a *** threat of violence, death, or bodily harm directed against *persons* at a school." (Emphasis added.) 720 ILCS 5/26-1(a)(13) (West 2010). This plain and unambiguous language criminalizes threats of violence or bodily harm directed at *more than one person* at a school. In my view, this unambiguous provision should be applied as written. *Collins*, 214 Ill. 2d 206 at 214.

¶ 16     The majority, however, concludes that the statute "unambiguously" criminalizes threats of violence directed at a single person, even though that reading is at variance with the statute's plain language. The majority reaches this conclusion by reading the statute together with section 1.03 of the Statute on Statutes, which provides that "[w]ords importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular." 5 ILCS 70/1.03 (West 2010). I find this analysis problematic. First, it is not entirely clear whether the Statute on Statutes should be treated as being part of the underlying criminal statute itself (*i.e.*, as incorporated into the statutory language of that statute), or merely as an extrinsic "aid of construction" which may be applied only if the underlying criminal statute is ambiguous. I believe that the latter view is more sound. But even if section 1.03 of the Statute on Statutes were deemed part of the relevant statutory language in this case, it would not support the majority's conclusion. Section 1.03 merely provides that words importing the plural number "*may* include the singular." (Emphasis added.) 5 ILCS 70/1.03 (West 2010). It does not provide that words importing the plural *shall* include the singular. Thus, section 1.03 does not *require* us to read "persons" as including "person." At most, it creates an ambiguity in the underlying criminal statute. Because the rule of lenity requires us to resolve any ambiguities in a criminal statute in favor of the accused (*People v. Jones*, 223 Ill. 2d 569, 581 (2006)), I would affirm the circuit court's dismissal of the indictment.