# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Murphy*, 2013 IL App (2d) 120068

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL F. MURPHY, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0068 |
| Filed | September 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for 15 counts of aggravated child pornography were upheld over his contention that possession of multiple pornographic images of young girls is only a single offense when images of different girls are depicted, since the legislature's objective of eliminating the market for child pornography would not be furthered by applying the rule of lenity to permit only one punishment under such circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-CF-344; the Hon. Robert G. Kleeman, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Thomas A. Lilien and Kerry Goettsch, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Edward R. Psenicka, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justice Hudson concurred in the judgment and opinion. Justice Hutchinson specially concurred, with opinion. |

## OPINION

¶ 1 Following a bench trial in the circuit court of Du Page County, defendant, Paul F. Murphy, was convicted of 15 counts of aggravated child pornography (720 ILCS 5/11-20.3(a)(6) (West 2010)) and was sentenced to a 36-month term of probation. The convictions were based on defendant's possession of a computer thumb drive containing pornographic images of girls ranging in age from approximately three to nine years of age. Each count pertained to a separate image. Relying on *People v. McSwain*, 2012 IL App (4th) 100619, defendant argues that the simultaneous possession of multiple pornographic images constitutes but a single offense and will not support multiple convictions. The State argues that the decision in *McSwain* is incorrect and that, in any event, *McSwain* is distinguishable. We affirm.

¶ 2 To understand *McSwain*, it is helpful to be familiar with the principles that emerged from our supreme court's decision in *People v. Carter*, 213 Ill. 2d 295 (2004). The defendant in *Carter* was convicted of multiple counts of unlawful possession of a weapon by a felon. The statute defining that offense provides, "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon *** or *any firearm or any firearm ammunition* if the person has been convicted of a felony under the laws of this State or any other jurisdiction." (Emphasis added.) 720 ILCS 5/24-1.1(a) (West 1996). The *Carter* court examined that language in order to ascertain whether the General Assembly "intended for the simultaneous possession of weapons and ammunition to be the same offense or separate offenses." *Carter*, 213 Ill. 2d at 302. To resolve the question, the *Carter* court was required to determine the "allowable unit of prosecution" under the statute. *Id.* The court concluded that the word "any" made it possible to read the statute to mean either (1) that the possession of each firearm and of firearm ammunition constituted a separate offense or (2) that the simultaneous possession of multiple firearms and of firearm ammunition constituted only a single offense. The statute was

ambiguous because "any" could signify " 'some,' 'one out of many' or 'an indefinite number.' " *Id.* (quoting Black's Law Dictionary 94 (6th ed. 1990)). According to the *Carter* court, "the term 'any' has categorical meanings of 'any one of a kind,' 'any kind,' or 'any number.' " *Id.* at 301-02. Having determined that the statute was ambiguous with regard to the allowable unit of prosecution, the court applied the principle that an ambiguity in a criminal statute must be resolved in the defendant's favor. *Id.* at 302 (citing *People ex rel. Gibson v. Cannon*, 65 Ill. 2d 366, 370-71 (1976)). The court therefore held that simultaneous possession of weapons and ammunition constitutes only a single offense that will support only one conviction. The court noted that its decision was consistent with decisions in other jurisdictions interpreting similar statutory provisions. *Id.* at 304-06.

¶ 3     The *McSwain* court applied these principles to the statute defining the offense of child pornography. As pertinent to both *McSwain* and the case presently before us, that statute provides as follows:

"A person commits the offense of child pornography who:

* * *

*** with knowledge of the nature or content thereof, possesses *any* film, videotape, photograph or other similar visual reproduction or depiction by computer of any child *** whom the person knows or reasonably should know to be under the age of 18 *** engaged in any activity described in subparagraphs (i) through (vii) of paragraph (1) of this subsection[.]" (Emphasis added.) 720 ILCS 5/11-20.1(a)(6) (West 2010).

¶ 4     Relying on *Carter*, the *McSwain* court stated as follows:

"We find the use of the term 'any' in the child-pornography statute does not adequately define the 'allowable unit of prosecution.' The statute is therefore ambiguous, and we must construe the statute in favor of defendant. Like the scenario in *Carter*, where the statutory language is ambiguous and in the absence of a statutory provision to the contrary, the simultaneous possession of the images cannot support multiple convictions in this case." *McSwain*, 2012 IL App (4th) 100619, ¶ 59.

¶ 5     Although an ambiguity in a criminal statute will ordinarily be resolved in the defendant's favor, that rule of construction–known as the rule of lenity (see *People v. Jackson*, 2011 IL 110615, ¶ 21)–"does not require a court to construe a statute so rigidly as to defeat the intent of the legislature" (*id.*). In *People v. Geever*, 122 Ill. 2d 313 (1988), our supreme court observed that the prohibition of possession of child pornography was designed to protect children from exploitation by eliminating the market for such materials. *Id.* at 326. The *Geever* court also noted that the private possession of pornographic images of children "exacerbates the harm and abuse to the child victim." *Id.* The *Geever* court explained:

" 'The injury suffered by child victims of pornography is akin to that experienced by the victims of sexual abuse and prostitution. Yet, pornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system

for child pornography. Therefore, even if the child can overcome the humiliation of the act of posing itself, he must carry with him the distressful feeling that his act has been recorded for all to see.' " *Id.* at 327 (quoting David P. Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act*, 17 Wake Forest L. Rev. 535, 545 (1981)).

¶ 6        To hold that one who possesses child pornography commits but a single offense no matter how many different images he or she possesses, and no matter how many children are depicted, could severely undermine the legislative objectives of eliminating the market for child pornography. An offender having obtained one pornographic image of one child would have a decreased incentive to refrain from obtaining additional images of additional children. Although by continuing to participate in the market for child pornography an offender might increase the risk of his or her criminal activity being discovered and might risk more serious punishment upon discovery, he or she would remain guilty of only a single offense.

¶ 7        It is difficult to fathom why our General Assembly would intend such a result amounting to what one court has referred to as a "volume discount" for possession of child pornography. *Commonwealth v. Davidson*, 938 A.2d 198, 221 (Pa. 2007). In *Davidson*, the Supreme Court of Pennsylvania held that, under a statute criminalizing the possession of "*any* book, magazine, pamphlet, slide, photograph, film, videotape, *computer depiction* or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act" (emphases added) (18 Pa. Cons. Stat. § 6312(d)), the unit of prosecution consisted of each such item in the offender's possession. *Davidson*, 938 A.2d at 218. The *Davidson* court explained:

> "The [Pennsylvania] General Assembly's use of the term 'any,' which could mean one or more items, suggests a lack of restriction or limitation. Further, all of the objects listed in the statute are singular, *e.g.*, a 'photograph' or a 'computer depiction,' meaning that each photograph or computer depiction constitutes a distinct occurrence of offensive conduct ***. [The applicable statute] specifically criminalizes possession of any computer depiction, not possession of a computer hard drive which could contain an unknown quantity of images. [Citation.] The plain language of the statute evidences the intent of the General Assembly to make each image of child pornography possessed by an individual a separate, independent crime ***." *Id.* at 219.

The *Davidson* court observed that, by holding that possession of separate images constitutes separate crimes, it had aligned itself with the significant majority of jurisdictions that have considered the question. *Id.*

¶ 8        In the statute at issue here, like the Pennsylvania child pornography statute at issue in *Davidson*, the prohibited items are singular. The statute proscribes possession of any "photograph," not "photographs," and any "depiction," not "depictions." This weighs in favor of interpreting "any" to mean any one item of pornography in any one of the various media described in the statute. We recognize that the statute at issue in *Carter* similarly proscribed possession of any "firearm," not "firearms." The statute also proscribed possession of any "firearm ammunition," a term that can be either singular or plural. The *Carter* decision did not address the significance of the General Assembly's use of the singular word "firearm" in determining that possession of multiple firearms and ammunition

is a single offense. More importantly, however, the *Carter* court's application of the rule of lenity did not produce a result antithetical to the purpose of the statute.

¶ 9 Unlike the weapons offense at issue in *Carter*, possession of child pornography involves specific, individual victims, and the extent to which a particular child is victimized through the *production* of pornographic materials might very well depend on the demand for images of that child. Applying the rule of lenity to permit only one punishment for possession of multiple images of different children increases demand for those images by lowering the price for acquiring child pornography. Mechanically extending the analysis in *Carter* to this case without regard to the obvious and fundamental differences between the possession offenses involved in the two cases does not give effect to the legislative intent in any meaningful way.

¶ 10 Arguably, the *McSwain* court's reliance on *Carter* was misplaced. Even though that case involved images of a single child, offering pedophiles a "volume discount" for pornographic images of a particular child increases the demand for such images and might result in the continued exploitation of that child. We need not reach the question of whether *McSwain* was correctly decided, however. Even assuming, *arguendo*, that it was the General Assembly's intent that possession of multiple pornographic images of *the same child* should constitute but one offense, for the reasons discussed above we reject the suggestion that the General Assembly could have intended the same result where the offender is in possession of images of multiple children.

¶ 11 For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 12 Affirmed.

¶ 13 JUSTICE HUTCHINSON, specially concurring.

¶ 14 I agree with the majority that the trial court's judgment should be affirmed. However, I believe that *McSwain* is distinguishable and that any discussion regarding the propriety of that decision is unnecessary to the resolution of this case.

¶ 15 In *McSwain*, the reviewing court addressed whether a defendant who received a *single* email that contained five separate images of the *same* child could be convicted of five counts of child pornography. *McSwain*, 2012 IL App (4th) 100619, ¶ 48. Relying on our supreme court's decision in *Carter*, the court in *McSwain* found that the legislature's use of the word "any" did not adequately define the "allowable unit of prosecution" and thus the court construed the statute in the defendant's favor. *Id.* ¶ 59. The court concluded that "if the General Assembly wants to authorize multiple convictions for child pornography based on the simultaneous possession of images of the *same* minor displayed in a single e-mail, it knows how to do so." (Emphasis added.) *Id.* ¶ 64.

¶ 16 Despite the significant factual differences, the majority discusses *McSwain* and concludes that "[t]o hold that one who possesses child pornography commits but a single offense no matter how many different images he or she possesses, *and no matter how many children are*

*depicted*, could severely undermine the legislative objectives of eliminating the market for child pornography." (Emphasis added.) *Supra* ¶ 6. I would prefer not to ascribe such an overly broad interpretation to *McSwain* but, rather, would limit *McSwain* to its specific circumstances.

¶ 17        Therefore, I specially concur.