2025 IL App (2d) 240152-U
No. 2-24-0152
Order filed December 26, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kendall County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-187 |
| | ) | |
| DANIEL PERKINS, | ) | Honorable |
| | ) | Robert P. Pilmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's multiple predicate felonies only supported one conviction for armed violence.

¶ 2    Following a bench trial in the circuit court of Kendall County, defendant, Daniel Perkins, was found guilty of two counts of armed violence (720 ILCS 5/33A-2(a) (West 2014)) and sentenced to 20 years in prison. Defendant appeals, arguing (1) that the armed violence statute is unconstitutional; (2) his multiple predicate felonies only support one conviction for armed robbery; and (3) his multiple armed violence convictions violate the one-act, one-crime rule. We vacate defendant's convictions of two counts of armed violence and remand for additional proceedings.

¶ 3                                           I. BACKGROUND

¶ 4     On July 29, 2015, the State charged defendant in a multiple-count indictment with aggravated kidnapping with a firearm (720 ILCS 5/10-2(a)(6) (West 2014)) (Count 1), two counts of aggravated criminal sexual assault with a firearm (*id.* § 11-1.30(a)(8)) (Counts 2-3), attempted aggravated criminal sexual assault with a firearm (*id.* §§ 8-4(a), 11-1.30(a)(8)) (Count 4), armed violence related to the unlawful possession of cannabis (*id.* § 33A-2(a)) (Count 5), armed violence associated with the possession of cocaine (*id.*) (Count 6) and armed violence related to the conversion of a vehicle (*id.*) (Count 7).  On May 27, 2016, defendant moved to sever the drug-related charges of armed violence from the other counts, arguing that they would be overly prejudicial if tried alongside his other charges.  On October 7, 2016, the trial court granted the motion to sever Counts 5 and 6.

¶ 5     On February 9, 2017, following a bench trial, the trial court found defendant guilty of Counts 1-4 and 7.  The trial court subsequently sentenced defendant on four of the five counts, as the court determined that one of the two counts of aggravated criminal sexual assault with a firearm merged into the other.  Defendant was sentenced to an aggregate of 52 years in prison. Specifically, defendant was sentenced to 25 years in prison for aggravated kidnapping with a firearm, to be served consecutively to a 27-year sentence for aggravated criminal sexual assault with a firearm. Defendant received a 7-year sentence for attempted aggravated criminal sexual assault with a firearm and a 17-year sentence for armed violence. Both of those sentences were to be served consecutively to the sentence imposed for aggravated criminal sexual assault with a firearm but concurrently with the sentence for aggravated kidnapping with a firearm.

¶ 6     On appeal, this court affirmed.  See *People v. Perkins*, 2020 IL App (2d) 170963 (*Perkins I*).

¶ 7   On October 31, 2023, the trial court conducted a bench trial on Counts 5 and 6. Defendant admitted that he had a gun while at his residence before leaving with the victim. The State introduced evidence that 335 grams of marijuana and .03 grams of cocaine were found in defendant's residence. Based on that evidence, the trial court found defendant guilty of Counts 5 and 6, explaining that all the State has to do is prove the elements of the underlying felonies and that defendant was armed. The trial court thereafter imposed a sentence of 20 years' imprisonment for each armed violence conviction to be served concurrently with the sentences for Counts 1, 4, and 7 that had already been imposed.

¶ 8   Defendant thereafter filed a timely notice of appeal.

¶ 9                               II. ANALYSIS

¶ 10   On appeal, defendant first argues that the armed violence statute is unconstitutional. We need not address this issue, however, because defendant's second issue is dispositive. See *In re Barbara H.*, 183 Ill. 2d 482, 492, (1998) ("If the case may be decided on other grounds, the constitutionality of a statute should not be addressed"). Specifically, we only consider defendant's argument that his instant convictions for armed violence must be vacated because the armed violence statute does not authorize multiple convictions for the continuous possession of a single firearm during a continuous series of events regardless of how many underlying felonies are committed. Defendant raises this issue in both the context of a "unit of prosecution" analysis and being a violation of the one-act, one-crime rule of *People v. King*, 66 Ill. 2d 551 (1977).

¶ 11   At the outset, we note that the State argues that defendant has forfeited this issue by not timely raising it before the trial court. See *People v. Denson*, 2014 IL 116321, ¶ 18. Forfeiture aside, however, we may still consider an unpreserved error under the plain error doctrine where the evidence was close or the error was so serious as to undermine the integrity of the judicial

process. *People v. Herron*, 215 Ill. 2d 167, 187 (2005). A unit of prosecution error is reviewable under the second prong because "the potential for a surplus conviction and sentence affects the integrity of the judicial process." *People v. Harvey*, 211 Ill. 2d 368, 389 (2004). As such, we will consider defendant's argument under the plain error doctrine.

¶ 12    A threshold question to reaching the one-act, one-crime rule is to determine the unit of prosecution of the offense at issue. *People v. Almond*, 2015 IL 113817, ¶ 33, (citing *People v. Carter*, 213 Ill. 2d 295, 301 (2004)). The unit of prosecution of an offense refers to what act or course of conduct the legislature has prohibited for purposes of a single conviction and sentence. *People v. Hartfield*, 2022 IL 126729, ¶ 67. Here, that requires us to determine whether the offense of armed violence, by its own terms, commands a single conviction per predicate felony. Framed differently, the question is whether defendant in this case committed the offense of armed violence one or three times with his possession of a gun. Only if we conclude that defendant has committed the offense three times will we move on to consideration of the one-act, one-crime rule. See *id.*

¶ 13    Determining the unit of prosecution is a question of statutory interpretation. *Carter*, 213 Ill. 2d at 300-01. The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the statutory language, given its plain and ordinary meaning. *Cooke v. Illinois State Board of Elections*, 2021 IL 125386, ¶ 52. The statute must be viewed as a whole, and as such, this court construes words and phrases not in isolation but relative to other pertinent statutory provisions. *State ex rel. Leibowitz v. Family Vision Care, LLC*, 2020 IL 124754, ¶ 35. We likewise keep in mind the subject addressed by the statute and the legislature's apparent intent in enacting it. *People ex rel. Madigan v. Wildermuth*, 2017 IL 120763, ¶ 17.

¶ 14    In construing a criminal statute, courts employ the doctrine of lenity to resolve any ambiguity in criminal statutes in the defendant's favor. *Carter*, 213 Ill. 2d at 301 ("Criminal or penal statutes must be strictly construed in the defendant's favor, 'and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.' " (quoting *People v. Davis*, 199 Ill. 2d 130, 135 (2002))). Our courts will apply the doctrine of lenity where the unit of prosecution is unclear. *Hartfield*, 2022 IL 126729, ¶ 69.

¶ 15    In *People v. White*, 2015 IL App (1st) 131111, ¶¶ 44-48, the Illinois Appellate Court, First District, addressed the precise issue now before us. There, the defendant was found guilty of two counts of armed violence based on simultaneous possession of two different illegal drugs while armed with a gun. The *White* court considered whether the armed violence statute's language, requiring that the defendant commit "any felony," permits multiple convictions for the simultaneous commission of two different felonies. *Id.* ¶ 45. The *White* court noted that in *Carter*, the Illinois Supreme Court had observed that the term "any" can be singular or plural. *Id.* ¶ 45 (citing *Carter*, 213 Ill. 2d at 301-02). As a result, the supreme court determined that the statute for unlawful use of weapons by a felon (UUWF), which stated that it was unlawful for a felon to possess "any firearm or any firearm ammunition" (720 ILCS 5/24–1.1 (West 1996)), was ambiguous because it did not adequately define the allowable unit of prosecution. *Id.* (citing *Carter*, 213 Ill. 2d at 302). Accordingly, the supreme court held that the simultaneous possession of multiple firearms or ammunition constituted only one offense. *Id.* (citing *Carter*, 213 Ill. 2d at 306). The *White* court further observed that, following *Carter*, the legislature amended the UUWF statute to state that "[t]he possession of each firearm or firearm ammunition in violation of this Section constitutes a single and separate violation." *Id.* ¶ 47 (quoting 720 ILCS 5/24-1.1(e) (West 2008)).

¶ 16    Based on *Carter*, the *White* court then expounded:

> "Similar to the pre-amendment UUWF statute, section 33A-2 provides that armed violence occurs where an armed person commits "any" felony.  720 ILCS 5/33A-2 (West 2012).  It is unclear whether the legislature intended for any felony to be singular or plural.  Accordingly, the statute is ambiguous as to whether the commission of each underlying felony supports a separate armed violence conviction.  We further note that the armed violence statute contains no provision similar to the post-*Carter* UUWF amendment specifying that the commission of each felony constitutes a single and separate armed violence offense. See *Id.* Accordingly, we must construe this ambiguity in defendant's favor and hold that the statute does not authorize multiple armed violence convictions for multiple, simultaneous, underlying felonies."  *Id.* ¶ 48.

¶ 17    Here, defendant was convicted of three counts of armed violence based on his commission of three simultaneous predicate felonies—possession of cannabis, possession of cocaine, and conversion of vehicle—while armed with a gun.  As explained in *White*, only one of defendant's convictions for armed violence can stand.  Further, as defendant's conviction for armed violence based on a conversion of a vehicle has already been affirmed in *Perkins I*, we therefore vacate both of his convictions (Counts 5 and 6) for armed violence based on drug possession.

¶ 18    In so ruling, we reject the State's argument that we need not follow *White* because (1) it is contrary to the supreme court's decision in *People v. Coats*, 2018 IL 121926; and  (2) it is contrary to the clear intent of the armed violence statute to discourage firearm use during the commission of felony offenses.  *Coats* is not applicable to the case at bar.  There, the defendant was convicted of several offenses, including being an armed habitual criminal and armed violence. *Coats*, 2018 IL 121926, ¶ 1.  On appeal, the defendant argued that his convictions for being an armed habitual

criminal and armed violence violated the one-act, one-crime rule because they were both predicated on the same physical act of possessing the handgun. *Id.* ¶ 14. Notably, the defendant did not raise a unit of prosecution argument. The supreme court observed this as well, stating "In this case, multiple counts of the same offense are not at issue. Thus, those types of legislative considerations [involved in a unit of prosecution argument] are not applicable here." *Id.* ¶ 24. As such, the supreme court's determination that the defendant's convictions under two different statutes did not violate the one-act, one-crime rule is of little assistance to us here.

¶ 19    Secondly, we do not believe that *White* contravenes the legislature's clear intent of the armed violence statute—that being to discourage gun violence during the commission of a felony. See 720 ILCS 5/33A-1(b)(1) (West 2016). As the *White* court noted, after the supreme court determined in *Carter* that the term "any" was ambiguous as used in the UUWF and therefore the defendant could only be convicted of one offense under that Act, the legislature amended the UUWF so as to allow multiple convictions under that statute. However, the legislature did not act in a similar fashion after the *White* court's decision—which was 10 years ago—and amend the armed violence statute. As such, we presume that the legislature agrees with how the armed violence statute has been judicially interpreted. See *Board of Education of City of Chicago v. Moore*, 2021 IL 125785, ¶ 30 (where the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent).

¶ 20    Finally, as we are vacating defendant's armed violence convictions predicated on possession of cannabis and cocaine (Counts 5 and 6), we remand for the trial court to impose a sentence for the possession of those two substances. See *White*, 2015 IL App (1st) 131111, ¶ 49.

¶ 21                              III. CONCLUSION

¶ 22     For the reasons stated, we vacate the judgment of the circuit court of Kendall County and remand for proceedings consistent with this decision.

¶ 23     Vacated and remanded for additional proceedings.