# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Sotelo*, 2012 IL App (2d) 101046

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTURO SOTELO, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-1046 |
| Filed | March 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In defendant's prosecution for the possession of three different firearms and one box of ammunition without a FOID card, two of his four convictions were vacated, since the statute only allowed defendant to be convicted on one count for possessing the three different firearms and one count for possessing the ammunition. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 08-CF-646; the Hon. Allen M. Anderson, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |

| Counsel on Appeal | Thomas A. Lilien and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.

Justices Hutchinson and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1   Defendant, Arturo Sotelo, was charged by indictment with various offenses including three counts of unlawful possession of a firearm without a firearm owner's identification (FOID) card (430 ILCS 65/2(a)(1) (West 2008)) (counts III, IV, and V) and one count of unlawful possession of firearm ammunition without a FOID card (430 ILCS 65/2(a)(2) (West 2008)) (count VI). Following a bench trial in the circuit court of Kane County, defendant was found guilty of those charges, which were based on his possession of three different firearms and a single box of ammunition. Defendant argues on appeal that three of the convictions must be vacated. Although we conclude that the possession of multiple firearms without a FOID card will support only one conviction, a separate conviction based on the possession of firearm ammunition without a FOID card may also stand. Accordingly, two–not three–of the convictions must be vacated.

¶ 2   Section 2(a) of the Firearm Owners Identification Card Act (FOID Card Act) (430 ILCS 65/2(a) (West 2008)) provides, in pertinent part, as follows:

   "(a)(1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a [FOID] Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

   (2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a [FOID] Card previously issued in his or her name by the Department of State Police under the provisions of this Act."

¶ 3   Defendant contends, and we agree, that this provision does not require a separate FOID card for each weapon or for ammunition; one card would have made possession of the three firearms and the ammunition lawful. In defendant's view, the offenses here were carved from a single physical act–the failure to possess a FOID card–in violation of the one-act, one-crime rule announced in *People v. King*, 66 Ill. 2d 551 (1977). As we have noted, under the *King* rule, "multiple convictions are prohibited where the offenses are carved from the same

physical act or where, with regard to multiple acts, one of the offenses is a lesser included offense of the other." *People v. Bouchee*, 2011 IL App (2d) 090542, ¶ 6 (citing *King*, 66 Ill. 2d at 566). Defendant's reliance on *King* is misplaced, however, because the offenses in this case consist not merely of the failure to possess a FOID card, but also of the possession of any firearm, stun gun, or taser (430 ILCS 65/2(a)(1) (West 2008)) or of ammunition (430 ILCS 65/2(a)(2) (West 2008)). Possession of at least one of the listed items is as much an element of the offense as is the failure to possess a FOID card. "When a common act is part of both offenses, or is part of one offense and the only act of another, multiple convictions can still stand." *People v. Hagler*, 402 Ill. App. 3d 149, 153 (2010). Thus, although the singular act of failing to possess a FOID card could not sustain multiple convictions of an offense comprised *solely of that act*, failing to possess a FOID card may serve as a common element of multiple offenses that include additional physical acts–possession of different firearms, or of firearm ammunition–as elements.

¶ 4        Our inquiry does not end, however, with the conclusion that defendant's multiple convictions are permissible under *King*. We must also consider, as a matter of statutory construction, whether the General Assembly intended to permit separate convictions for each weapon, and for the ammunition, found in defendant's possession. This question requires us "to determine the statute's 'allowable unit of prosecution.' " *People v. Carter*, 213 Ill. 2d 295, 302 (citing *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 220-21 (1952)).

¶ 5        Where a statute is ambiguous as to the allowable unit of prosecution, the court "must adopt a construction that favors the defendant." *Id.* In *Carter*, the defendant was convicted of multiple counts of unlawful possession of a weapon by a felon. The statute defining that offense provided, "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon *** or *any firearm or any firearm ammunition* if the person has been convicted of a felony under the laws of this State or any other jurisdiction." (Emphasis added.) 720 ILCS 5/24-1.1(a) (West 1996). The *Carter* court concluded that the word "any" made it possible to read the statute to mean either (1) that the possession of each firearm and of firearm ammunition constituted a separate offense or (2) that the simultaneous possession of multiple firearms and of firearm ammunition constituted only a single offense. The statute was ambiguous because "any" could signify " 'some,' 'one out of many' or 'an indefinite number.' " *Carter*, 213 Ill. 2d at 301-02 (quoting Black's Law Dictionary 94 (6th ed. 1990)). The court resolved the ambiguity in favor of the defendant, holding that his possession of two loaded handguns supported only a single conviction.

¶ 6        Citing *People v. Cox*, 53 Ill. 2d 101 (1972), and *People v. Manning*, 71 Ill. 2d 132 (1978), the *Carter* court added, "[t]his court has consistently held, where a statute is ambiguous, in the absence of a statutory provision to the contrary, simultaneous possession could not support multiple convictions." *Carter*, 213 Ill. 2d at 302. The citation to *Cox* is puzzling inasmuch as that decision involved a sex offense, not a possession offense. *Cox* held that contemporaneous acts of sexual intercourse and oral-genital contact supported only a single conviction of indecent liberties with a child. More importantly, it seems clear that *Cox* was no longer good law when *Carter* was decided. See *People v. Segara*, 126 Ill. 2d 70, 77

(1988) ("For defendant [who forced victim to engage in vaginal intercourse and to perform fellatio] to claim that only one rape occurred, 'demeans the dignity of the human personality and individuality' " (quoting *Pruitt v. State,* 382 N.E.2d 150, 154 (Ind. 1978))).

¶ 7     *Manning* is closer to the mark. In that case, our supreme court held that the statutory prohibition of possession of "a" controlled substance (Ill. Rev. Stat. 1973, ch. 56½, ¶ 1402(a)) did not permit separate convictions for the simultaneous possession of two different controlled substances. The *Manning* court drew an analogy to *Bell v. United States*, 349 U.S. 81 (1955), in which the United States Supreme Court considered the allowable unit of prosecution under the Mann Act, which made it a crime to "knowingly transport[ ] in interstate or foreign commerce *** any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose." 18 U.S.C. § 2421. The *Bell* Court concluded that simultaneous transportation of more than one woman for a prohibited purpose gave rise to only a single violation. The *Manning* court seized upon the following language in *Bell*:

> "When Congress has the will it has no difficulty in expressing it–when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a [bundle] a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Bell*, 349 U.S. at 83.

¶ 8     Significantly, the statute in *Bell* (like the one in *Carter*) used the word "any" in its description of the proscribed conduct, to wit, transporting "any woman or girl." As noted, the statute at issue in *Manning* proscribed possession of "a" controlled substance. The word "a" is frequently "used in the sense of 'any' and is then applied to more than one individual object." Black's Law Dictionary 1 (6th ed. 1990); accord *People v. Carter*, 142 Cal. Rptr. 517, 520-21 (Cal. Ct. App. 1977) (in holding that defendant's possession of several checks constituted only a single violation of statute proscribing "possession of a completed check" with intent to defraud, the court cited authority that the word "any" can be plural and noted that "[t]he same may be said of the article 'a' " in the applicable statute).[1]

¶ 9     Relying principally on *United States v. Verrecchia*, 196 F.3d 294 (1st Cir. 1999), our supreme court noted in *Carter* that its holding was "in accord with other courts of appeal that have relied on *** *Bell* in addressing the 'allowable unit of prosecution' under felon-in-possession-of-weapons statutes." *Carter*, 213 Ill. 2d at 304. The *Verrecchia* court stressed:

> " '[I]n many of the cases in which the courts have found a *Bell*-type ambiguity, the object of the offense has been prefaced by the word 'any.' Seemingly this is because 'any' may be said to fully encompass (*i.e.*, not necessarily exclude any part of) plural activity, and thus fails to unambiguously define the unit of prosecution in singular terms.' " *Verrecchia*, 196 F.3d at 298 (quoting *United States v. Kinsley*, 518 F.2d 665, 667 (8th

---

[1] We note that, in the wake of the supreme court's decisions in *Manning* and *Carter*, the General Assembly amended the statutes at issue in those cases to specifically provide for separate convictions for each controlled substance in one's possession and for each weapon possessed by a felon. See Pub. Act 90-593, § 25 (eff. June 19, 1998) (amending 720 ILCS 570/402 (West 1996)); Pub. Act 94-284, § 10 (eff. July 21, 2005) (amending 720 ILCS 5/24-1.1(e) (West 2004)).

Cir. 1975)).

¶ 10    Subsection (a)(1) of section 2 of the FOID Card Act prohibits possession of "*any* firearm, stun gun, or taser." (Emphasis added.) 430 ILCS 65/2(a)(1) (West 2008). Under *Carter*, possession of multiple firearms without a FOID card will support only a single conviction. However, *Carter* is distinguishable with respect to possession of ammunition. In the statute in *Carter*, firearms and firearm ammunition appeared in the same list of proscribed items, and both are prefaced by the word "any." The statute at issue here is structured differently. Possession of firearms and ammunition is proscribed in separate subsections, and the word "any" prefaces firearms, but not firearm ammunition. Presumably, if the General Assembly had intended simultaneous possession of firearms and ammunition to constitute a single unit of prosecution, it would have placed the items on a single list, as it did in the statute penalizing the possession of weapons and ammunition by felons.[2]

¶ 11    In an effort to persuade us that the General Assembly did not contemplate separate convictions under the FOID Card Act for possession of firearms and possession of ammunition, defendant invokes the presumption that the General Assembly did not intend to create absurd, inconvenient, or unjust results. See *People v. Gutman*, 2011 IL 110338, ¶ 12. According to defendant:

> "It would be absurd to construe the FOID card statute so as to permit multiple convictions where the defendant possesses one gun and one bullet which could not be used in the same gun, but not where he possesses an arsenal of 20 guns but no ammunition. *It would also be absurd to construe the statute as allowing two convictions where the defendant possesses one gun and one bullet, but no more than two convictions where he possesses 20 guns and a basement filled with boxes of ammunition appropriate for use in all of the guns*." (Emphasis added.)

¶ 12    Yet, essentially the same criticism could be leveled against the *Carter* court's construction of the statute proscribing possession of weapons and ammunition by felons. If, as defendant insists, it is absurd to permit no more than two convictions based on the FOID Card Act, regardless of the number of firearms and the quantity of ammunition in the offender's possession, it would be even more absurd to permit only *one* conviction for possession by a felon, regardless of how many firearms and how much ammunition he or she possesses. However, that is precisely the result dictated by *Carter*. Accordingly, we see no reason to depart from the language of the FOID Card Act, which is free from the type of ambiguity that dictated the results in *Carter*, *Manning*, and *Bell*.

¶ 13    For the foregoing reasons, we vacate defendant's convictions on counts IV and V of the

---

[2]Defendant stresses that, in the wake of *Carter*, the General Assembly amended the statute at issue in that case to specifically authorize multiple convictions based on the possession of multiple weapons, but did not enact a similar amendment to the FOID Card Act. Defendant cites *People v. Agnew*, 105 Ill. 2d 275, 280 (1985), for the proposition that "when the legislature amends a statute, but leaves unchanged portions which have been judicially construed, the unchanged portions will retain the construction given prior to the amendment." *Agnew* is inapposite, however, because the language construed in *Carter* differs from the relevant language of the FOID Card Act.

indictment of possession of firearms without a FOID card. In all other respects the judgment of the circuit court of Kane County is affirmed.

¶ 14        Affirmed in part and vacated in part.